Filed 11/15/22  P. v. Hunter CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CURTIS MAURICE HUNTER,<br><br>Defendant and Appellant. | B317637<br><br>(Los Angeles County<br>Super. Ct. No. TA087132-02) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy

Attorney General, and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Curtis Maurice Hunter, convicted in 2007 on two counts of attempted willful, deliberate and premeditated murder, appeals the summary denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95).[1] Although the superior court erred in failing to appoint counsel for Hunter and to allow briefing before determining whether Hunter was ineligible for relief as a matter of law, that error was harmless because the record of conviction[2] establishes that Hunter was not found guilty of attempted murder under any theory of liability affected by the amendments to the law of murder made by Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437). We affirm.

_____

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

All further statutory references are to the Penal Code.

[2] We construed the Attorney General's request for judicial notice of the record in Hunter's direct appeal (*People v. Hunter*, B205552) as a motion to augment the record pursuant to California Rules of Court, rule 8.155(a)(1)(A) and granted the motion, incorporating by reference the clerk's and reporter's transcripts that comprise the record in the prior appeal as part of the record in the instant appeal.

# FACTUAL AND PROCEDURAL BACKGROUND

1. *Hunter's Conviction for Attempted Murder*

Hunter was charged in a two-count information filed January 22, 2007 with the attempted willful, deliberate and premeditated murder of Anthony Bickham and Shawn Turner. Firearm-use and criminal street gang enhancements were specially alleged as to both counts. The People's theory of the case, as summarized in our opinion affirming Hunter's convictions (see *People v. Hunter* (Mar. 18, 2009, B205552) [nonpub. opn.]), was that Bickham and Turner, members of a Crips gang, were walking near the border of the territory of a Bloods gang, when Hunter, a member of the Bloods, recognized Bickham and Turner as Crips, pulled a gun and fired several shots at them, narrowly missing Bickham and severely injuring Turner.

Hunter's jury was instructed pursuant to CALCRIM No. 600 that to prove attempted murder the People had to prove, among other elements, "The defendant intended to kill that person," and pursuant to CALCRIM No. 601 that the allegation Hunter had acted deliberately, willfully and with premeditation required the People to prove, in part, he "intended to kill when he acted" and "decided to kill before acting." The jury was also instructed on attempted voluntary manslaughter—heat of passion (CALCRIM No. 603) as a lesser included offense of attempted murder. There were no instructions on liability for attempted murder on a theory of aiding and abetting or the natural and probable consequences doctrine.

With respect to the specially alleged enhancements for personal use and intentional discharge of a firearm, the jury was instructed pursuant to CALCRIM Nos. 3148 and 3150 it had to

3

find the defendant "personally discharged a firearm during the commission or attempted commission of the crime" and "intended to discharge the firearm."

Hunter was convicted of the attempted deliberate, willful and premeditated murder of both men. The jury found that both offenses had been committed for the benefit of a criminal street gang and that Hunter had personally and intentionally discharged a firearm causing great bodily injury to Turner and had personally and intentionally discharged a firearm during the attempt on Bickham's life. The court sentenced Hunter to an aggregate indeterminate state prison term of 75 years to life.[3]

2. *Hunter's Petition for Resentencing*

On December 13, 2021 Hunter, representing himself, filed a petition for resentencing pursuant to former section 1170.95. The petition included Hunter's declaration that he had been charged with attempted murder under the natural and probable consequences doctrine and could not now be convicted of attempted murder because of Senate Bill 1437's amendments to sections 188 and 189. Hunter requested appointment of counsel to assist him. (The petition also asserted Turner and Bickham had recanted their testimony identifying Hunter as the man who shot them and argued his trial counsel had provided constitutionally ineffective assistance.)

---

[3] On appeal Hunter argued only that the clerk's minute order and abstract of judgment needed to be corrected to accurately reflect the sentence actually imposed. We agreed and ordered the clerical errors corrected. (*People v. Hunter*, *supra*, B250552.)

4

On December 15, 2021 the superior court summarily denied Hunter's petition without appointing counsel. The court stated, because Hunter had been convicted of attempted murder, he was not eligible for resentencing.

Hunter filed a timely notice of appeal.

## DISCUSSION

1. *Section 1172.6 (Former Section 1170.95)*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957.) It also authorized, through former section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Strong*, at p. 708; *Lewis*, at p. 957; *Gentile*, at p. 843.) As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.[4]

---

[4] Although the superior court summarily denied Hunter's petition prior to Senate Bill 775's effective date on the ground Senate Bill 1437 did not apply to attempted murder, the

If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief, the court must appoint counsel to represent the petitioner, if requested (§ 1172.6, subd. (b)(3)), and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Id.* at pp. 970-971, internal quotation marks omitted.)

---

legislation expanding the reach of Senate Bill 1437's amendments to murder liability had been signed by the Governor and chaptered two months earlier—prior even to the filing of Hunter's petition.

6

When a petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).) At that hearing the court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony. (§ 1172.6, subd. (d)(3).) The petitioner and the prosecutor may also offer new or additional evidence. (*Ibid.*)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. . . . A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

2. *The Superior Court Erred in Denying Hunter's Petition Without Appointing Counsel and Allowing Briefing*

Senate Bill 775's expansion of eligibility for resentencing and its revisions to a petitioner's procedural rights under section 1172.6 apply to all cases not yet final on the legislation's effective date. (*People v. Basler* (2022) 80 Cal.App.5th 46, 56; *People v. Porter* (2022) 73 Cal.App.5th 644, 652; see *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

By its express terms, former section 1170.95 as enacted by Senate Bill 1437 did not authorize a petition to vacate a

conviction for any offense other than murder.  As discussed, however, among other changes Senate Bill 775 amended former section 1170.95, subdivision (a), to expressly permit relief for petitioners convicted of attempted murder under the natural and probable consequences doctrine if they could not now be convicted of attempted murder because of changes to sections 188 and 189 effected by Senate Bill 1437.  Because Hunter's petition included his declaration that he satisfied those elements of a prima facie showing for resentencing relief, it was error to summarily deny his petition without appointing counsel and permitting an initial round of briefing.  (§ 1172.6, subds. (b)(3), (c); see *Lewis, supra,* 11 Cal.5th at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon filing of a compliant petition"].)

   3. *The Superior Court's Errors Were Harmless:  Hunter Is Ineligible for Resentencing as a Matter of Law*

  A superior court's procedural errors prior to assessing whether a petitioner has made a prima facie showing of entitlement to relief pursuant to section 1172.6, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818.  (*Lewis, supra,* 11 Cal.5th at pp. 957, 973-974.)  Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Lewis,* at p. 974.)  Here, the jury's instructions and verdict—part of the record of conviction now included in the

8

record on appeal[5]—unquestionably establish that Hunter was neither tried nor convicted of attempted murder on a now-invalid theory of accomplice liability.

To reiterate, there were no jury instructions concerning aider and abettor (accomplice) liability, nor was the jury instructed on the natural and probable consequences doctrine. To the contrary, as instructed, to find Hunter guilty of attempted deliberate, willful and premeditated murder, the jury necessarily found he had acted with express malice—that is, that he intended to kill his victims. The jury findings of actual malice were confirmed by the additional findings that Hunter had personally and intentionally discharged a firearm during the two attempted murders.

Because there is no reasonable probability Hunter would obtain a more favorable result if the matter were remanded and counsel appointed and given the opportunity to file a memorandum supporting the petition, the court's errors in denying Hunter's petition were harmless. (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864; see generally *People v. Watson, supra*, 46 Cal.2d at p. 836.)

---

[5] See footnote 2.

## DISPOSITION

The postjudgment order denying Hunter's petition for resentencing is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

10